[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S ATTORNEY
The plaintiff has moved this court to disqualify the defendant's attorney, Ralph Crozier, from representing the defendant-husband in this action for dissolution of marriage.
The reasons given by the plaintiff for this relief are that Crozier engaged in "business activities" with the plaintiff which gave him specific information of a nature which would put him in a position of conflict of interest with the plaintiff.
The movant further claims that Crozier had a "business CT Page 1718 relationship" with the plaintiff because Crozier's daughter took horseback riding lessons from the plaintiff.
An additional basis for this motion is the plaintiff's claim that Crozier "was on the property often" and that he used those occasions to observe the business and financial interests of the plaintiff which could assist his client in the divorce.
Each side offered evidence and testimony concerning the issues raised by the plaintiff in her motion.
In support of the motion, the plaintiff offered Plaintiff's Ex. A, Ex. B and Ex. C — photocopies and/or facsimile copies of correspondence related to Crozier's alleged representation of both the plaintiff and defendant regarding the collapse of a prefabricated farm building on their property.
Crozier testified that he did not represent the plaintiff or defendant in that matter and, further, that he did not obtain any business or financial knowledge or information about the plaintiff's horse riding/stable business as a result of that matter.
Crozier testified that his involvement in that matter was limited to one on-site visit and the issuance of a demand letter to the manufacturer of the prefabricated building on his office's stationery. He testified that he represented neither the plaintiff nor the defendant in that matter in that neither of them signed a contingency agreement with him. Moreover, he and the defendant testified that the plaintiff specifically rejected the idea of Crozier handling that matter because he was, in her opinion, not competent to do so. The plaintiff did not offer any evidence to refute that testimony.
Crozier testified that he has represented the defendant for many years including two prior divorces of the defendant. The court must balance that professional relationship against the plaintiff's claim that Crozier represented her by the nominal acts testified about. Especially in view of the unrefuted testimony that even in that case — involving the collapsed building — that she refused to have Crozier act as her counsel in that matter.
Rule 1.7 of the Rules of professional Conduct provides in relevant part, "(a) A lawyer shall not represent a client if the CT Page 1719 representation of that client will be directly adverse to anotherclient . . ." (Emphasis added).
Obviously, in order for that rule, or for any other such rule concerning attorney/client conflicts, to be applicable, there must be a lawyer/client relationship with more than one client.
The facts elicited at the hearings on this motion permit the court to find that the plaintiff has failed to meet her burden of proving that she was a client of Attorney Crozier and that by virtue of such representation he should be disqualified from representing the defendant in this action for dissolution of marriage.
There was additional evidence and testimony offered by the plaintiff that Crozier, by his business contacts with the plaintiff involving his daughter's horse back riding lessons and the buy/sell/boarding transactions with the plaintiff regarding horses ("Princess", a/k/a "Peanut" and "Mimic"), took those opportunities to learn specific business and financial information about the plaintiff's business which she fears will be beneficial to the defendant and detrimental to her if Crozier acts as the defendant's attorney in the divorce case.
Crozier testified that he did not either intentionally or consequentially obtain any such information from the plaintiff during their business transactions.
For the purposes of this motion, whether he did or did not obtain such information on those occasions as a client or customer of her horse farm is not relevant. Having found that Crozier did not act as the plaintiff's attorney in regard to the collapsed building or for any other matters, he cannot be said to be in violation of any attorney/client relationship with the plaintiff for any reason.
For, the forgoing reasons the plaintiff's motion to disqualify Attorney Crozier from this case is denied.
By the Court,
Joseph W. Doherty, Judge CT Page 1720